[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12624
Non-Argument Calendar

_____

BIA No. A96-001-732

CARLOS PINO ARANGO,
OLGA ELENA PIEDRAHITA LONDONO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 6, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Carlos Pino Arango ("Arango") and his step-daughter Olga Elena

Piedrahita-Londono ("Olga") seek review of the Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158 and 1231(b)(3), 8 C.F.R. § 208.16(c). After a thorough review of the record, we deny the petition in part and dismiss in part.

## I. Background

Arango was a self-employed taxi driver in Colombia who was threatened by members of the National Liberation Army ("ELN") after he refused to pay 10 million Colombian pesos the ELN had demanded. The ELN had robbed Arango and Olga and forced them into a car that the members drove into a ditch, sent him an extortion letter in which they referred to him as "the owner of a fleet of taxi cabs," and made threatening phone calls in which they threatened to rape or kidnap Olga and kill Arango. As a result of these incidents, the petitioners left Colombia and entered the United States using fraudulent visas. The Department of Homeland Security issued them notices to appear, charging them with removability. The petitioners filed for asylum, withholding of removal, and for relief under the CAT, alleging that they had been persecuted based on their political views and membership in a particular social group.

The IJ denied relief, finding that the petitioners' allegations did not

2

"demonstrate a 'reasonable' possibility that they would be subject to persecution, or harmed, or threatened . . . based on a protected ground" if they returned to Colombia. The IJ stated that, while he was not unsympathetic to the petitioners' problems, there was no nexus between the alleged persecution and a protected ground because Arango had testified that the only reason that the ELN had targeted him was because they wanted him to pay money.

The petitioners appealed to the Board of Immigration Appeals ("BIA"), arguing that the IJ erred by finding that their allegations did not rise to the level of persecution on a protected ground because they demonstrated that they suffered past persecution and had a well-founded fear of future persecution based on their imputed political opinion and membership in a social group. The BIA summarily affirmed the IJ's opinion. Arango and Olga petition this court for review.

## II. Petition for Review

The petitioners first argue that they were members of a protected social group based on their imputed political opinion, that of their opposition to the ELN, and the threats and kidnaping that they suffered in Colombia for not paying extortion money to the ELN amounted to persecution. They further argue that, because the ELN classified Arango as "the owner of a fleet of taxi cabs," he was a member of a particular social group of business owners.

When the BIA issues a summary affirmance of the IJ's opinion, we review

3

the IJ's opinion. Mendoza v. U.S. Att'y Gen., 327 F.3d at 1284 n. 1 (11th Cir. 2003). To the extent that the decision was based on a legal determination, it is reviewed de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (internal quotations omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

A. Asylum

The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if an alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . , membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a),

4

(b); <u>Al Najjar</u>, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be <u>singled out</u> for persecution on account of" a statutory factor. <u>Al Najjar</u>, 257 F.3d at 1287 (internal quotations omitted)(emphasis in original). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. <u>I.N.S. v. Elias-Zacarias</u>, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). However, if the applicant can show that the persecution was, at least in part, motivated by a protected ground, then the applicant can establish eligibility for asylum. <u>In re S-P-</u>, 21 I & N Dec. 486 (BIA 1996) (noting that, in a mixed motive case, "the standard for review is whether the applicant has produced evidence from which it is reasonable to believe that the harm was motivated by a protected ground").

This court has stated that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." <u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231 (11th Cir. 2005).

An alien who has not shown past persecution still may be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground in his country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," an applicant must show that he has a fear of persecution in his home country

5

and that "there is a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(I).

To qualify for withholding of removal under the INA, an alien must show that, if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). Generally, where an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

This court has held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." Al Najjar, 257 F.3d at 1289 (internal quotations omitted). In order to qualify for relief from removal based on a political opinion, the petitioner "must establish that the guerillas persecuted her or will seek to persecute her in the future because of her actual or imputed political opinion." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (citations omitted) (emphasis in original). "It is not enough to show that she was or will be persecuted or tortured due to her refusal to cooperate with the guerillas." Id. (citations omitted); see also Rivera v. U.S. Att'y Gen., No. 06-10209, manuscript op. at 12 (11th Cir. May 23, 2007). Moreover, the refusal to pay a war tax does not amount

6

to persecution on account of a protected ground.  See Rivera, manuscript op. at 12.

Thus, the refusal to submit to the extortion demands does not provide a basis for asylum or withholding relief.

We further conclude that Arango and Olga are not entitled to relief under the theory that the alleged persecution was on account of their membership in a particular social group.  This court recently analyzed the meaning of "particular social group," and determined that a particular social group was one comprised of "persons . . . who[] share a common, immutable characteristic," which could be an "innate" characteristic or a "shared past experience such as former military leadership or land ownership."  See Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1193 (11th Cir. 2006) (citing Matter of Acosta, 19 I.&N. Dec. 211 (BIA 1985) (overruled on separate grounds).  This court has cautioned that a "particular social group should not be a catch all for all persons alleging persecution who do not fit elsewhere."  Castillo-Arias, 446 F.3d at 1197 (internal quotations and citations omitted).

Based on the record, we conclude that the petitioners failed to establish that they were entitled to asylum or withholding of removal relief based on a statutorily protected ground because: (1) their refusal to pay a guerrilla organization extortion money does not constitute an imputed political opinion; and (2) taxi owners do not constitute a particular social group.

7

B. CAT Relief

The petitioners next argue that the Colombian government is unable to protect them from the guerrillas, which are "public officials," such that they are entitled to CAT relief.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). This requirement is jurisdictional and bars review of claims not raised before the BIA. Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003).

Because the petitioners did not raise before the BIA their argument that the ELN guerillas are public officials who tortured them, entitling them to relief under the CAT, they did not exhaust their administrative remedies on this claim. Therefore, we lack jurisdiction to review that claim.

For the foregoing reasons, the petition for review is **DENIED IN PART,** and **DISMISSED IN PART.**